law library

FILED
SUPERIOR COURT
OF GUAM

2009 AUG 31 AM 9: 49

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

JEFFREY JOHN P. IBANEZ, )
                )
        Plaintiff, )
                )
  vs. )
                )
EVANGELINE R.C. PEREZ, )
                )
        Defendant. )
                )

**DOMESTIC CASE NO. DM0004-08**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Defendants' Motion for an Order to Show Cause for Contempt, filed July 8, 2009. Oral arguments were heard on August 4, 2009. Attorney Joaquin C. Arriola, Jr. represented the Plaintiff and Attorney Daniel S. Somerfleck represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

Jeffrey Ibanez ("Jeffrey") and Evangeline Perez ("Evangeline") have two minor children, aged nine (9) and four (4) years old. On March 21, 2008, Jeffrey and Evangeline entered a stipulated judgment for joint legal and physical custody of their children alternating week to week. The Stipulated Judgment contains the following provision regarding holidays:

> 2. (iii) The Parties shall equally share all holidays and school scheduled holidays and/or breaks, except as provided in (iv). The Parties shall mutually agree on a schedule for drop-off and pick-up. In the event the parties are unable to agree, the non-custodial parent shall be entitled to visitation from 2:00 p.m. to 7:00 p.m., and exchange shall occur at the Guam Police Department, Dededo Precinct.

The Stipulated Judgment contains the following provision regarding telephonic communication:

> 10. When the children are not with one parent, that parent with whom the children are not, shall have open, reasonable rights of telephone communication with the children. Neither parent shall listen in on the children's conversation with the other parent. The children shall also be allowed to contact telephonically the parent they are not residing with at reasonable times. The Parties shall keep each other advised of their respective contact information, including address and telephone numbers, when the children are in their custody.

Since the Judgment, Jeffrey and Evangeline have not been able to agree upon an alternate visitation schedule or an alternate exchange procedure. *See* Testimony of Jeffrey Ibanez and Evangeline Perez. The parties temporarily exchanged custody at Erika's House, but now use the Police Station. *See* Id. In order to "equally share all holidays", Jeffrey and Evangeline agreed to alternate custody for each holiday and exchange custody at the Dededo Police Station. *See* Id.

Jeffrey was scheduled to take custody of the children for the Memorial Day holiday on May 25, 2009. *See* Id. Instead, Evangeline kept the children when the Police told her to take the children from the Dededo Station because Jeffrey was angry and arguing with other officers. *See* Id. Jeffrey informed Evangeline that he should have custody for the next holiday, and he kept the children over the Independence Day holiday on July 4, 2009 even though Evangeline was scheduled to have custody. *See* Id.

On July 9, 2009, Evangeline moved to hold Jeffrey in contempt of court for violating section 2(iii) of the Stipulated Judgment. Evangeline contends that Jeffrey willfully violated the order to equally share holidays when he kept the children over the Independence Day holiday weekend. Jeffrey asserts that Evangeline altered the holiday exchange schedule when he did not enjoy his turn for custody over the Memorial Day holiday weekend.

Evangeline also contends that Jeffrey unreasonably restricts her telephonic communication with the children, in violation of section 10 of the Stipulated Judgment. Evangeline asserts that Jeffrey will not take her calls, that he listens in on her conversations with the children, and that she can only talk to the children when Jeffrey allows them to call her at about 7 p.m. each night. *See* Testimony of Evangeline Perez. Jeffrey maintains that he does not listen in on the phone calls, that he bought the children cell phones so that they can speak to their mother as long as they want each night, and that Evangeline unreasonably interferes with his custody because she calls him five to seven (5-7) times each day. *See* Testimony of Jeffrey Ibanez.

On August 4, 2009 the parties agreed that for the interim, "reasonable rights of telephone communication" would mean three (3) phone calls per day lasting not longer than ten (10) minutes each. The Court also ordered each party to submit a list of three (3) proposed counselors

for this matter by Friday, August 7, 2009. *See* Order to Show Cause at Record Log 11:27 (Aug. 4, 2009). No list of proposed counselors has been filed by either party.

## DISCUSSION

Under Guam law, the elements of civil contempt are generally: 1) a valid order; 2) knowledge of the order; 3) ability to comply with the order; and 4) willful failure to comply with the order. *See* Rodriguez v. Rodriguez, 2003 Guam 8, ¶ 15; 2003 WL 1987017 (Sup. Ct. Guam 2003).

In this case, both parties appear to have difficulty with the March 21, 2008 Stipulated Judgment to equally share certain holidays. It is clear that the Judgment is valid and both parties understand that they must "equally share all holidays" pursuant to the order. Jeffrey and Evangeline agreed to alternate holidays in order to meet this requirement. While the parties may not amicably exchange their children, there is no indication that either Jeffrey or Evangeline is unable to "equally share all holidays". Even if a police officer told Evangeline to keep her children on Memorial Day, she is not prohibited from ceding the Independence Day holiday to Jeffrey in order to share equally. Evangeline kept the children for the Memorial Day holiday although the parties may have understood that day to be Jeffrey's day to exercise physical custody. Likewise, Jeffry kept the children for the Independence Day holiday although this may have been Evangeline's day to have the children. In this manner, the parties actually shared these holidays equally and the terms of the Stipulated Judgment were not violated per se. This Court elects to interpret the Stipulated Judgment in the light that would encourage family harmony and promote a better understanding between the parties in the future instead of holding both parties in contempt and adding further fuel to the acrimonious relationship. Therefore, neither party shall be held in contempt for failure to equally share all holidays.

Additionally, both parties appear to have difficulty with the March 21, 2008 Stipulated Judgment to give open, reasonable rights of telephone communication with the children. Both Jeffrey and Evangeline believe that the communication is unreasonable. The parties made an interim agreement to allow Evangeline three (3) phone calls for ten (10) minutes per day while the children are with Jeffrey. The Court finds this agreement to be consistent with the order for

"reasonable rights of telephone communication," and Jeffrey and Evangeline shall continue to follow this arrangement in order to comply with the Stipulated Judgment. Jeffrey shall also refrain from interfering with the subject matter of the phone conversations unless asked to do so.

Furthermore, the parties did not submit proposed counselors for this matter. At oral argument on November 13, 2008 and August 4, 2009, both Jeffrey and Evangeline requested the Court to appoint Dr. Wycoff and the Client Services and Family Counseling Division. *See* Continued Ex Parte Application for Order to Show Cause at Record Log 4:39 (Nov. 13, 2008); Order to Show Cause at Record Log 11:26 et seq. (Aug. 4, 2009). For this reason, the parties are hereby ordered to attend counseling services with Dr. Wycoff.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's Motion for an Order to Show Cause and Contempt is hereby DENIED. Furthermore, reasonable telephonic communication with the children shall occur three (3) times per day for no more than ten (10) minutes per phone call without interference from Jeffrey. The parties are hereby ORDERED to report to Client Services and begin counseling with Dr. Wycoff.

SO ORDERED this 31st day of August, 2009.

Original Signed By:
Hon. Steven S. Unpingco

**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna Guam.

AUG 3 1 2009

Brianne M.G. Balbas
Deputy Clerk, Superior Court of Guam